[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR DISCHARGE OF MECHANIC'S LIEN
The plaintiff has commenced this action for foreclosure of a mechanic's lien and other equitable relief. The plaintiff caused the lien to be placed on certain real property of the defendant LCOR/JV TRUMBULL SL, LLC (LCOR)and the remaining defendants have or may have an interest in that property. The lien is to secure certain claims by the plaintiff for goods, services and materials allegedly provided by the plaintiff to the defendants pursuant to a written contract.
The defendants LCOR and Tocci Building Corp. have moved the court to discharge the mechanic's lien of the plaintiff for the reason that there is not probable cause to sustain the validity of such lien for the reason that, by the terms of its written contract, the plaintiff waived its rights to file such mechanic's lien against the project or the property of the defendant. The movants further maintain that the building which is the subject of this mechanic's lien is not one that is subject to the statutes upon which the plaintiff has based its claims.
The parties appeared and were heard regarding the relief sought in this motion and the court reserved decision.
Having considered the respective claims of the parties and having considered the evidence and testimony and the applicable statutes, the court makes the following findings and orders.
Section 42-158m, General Statutes expressly provides, "Any provision in a construction contract for the performance of work on a construction site located in this state that purports to require that any dispute arising under the construction contract be adjudicated in or under the laws of a state other than Connecticut shall be void and of no effect, regardless of whether the construction contract was executed in this state."
In regard to the defendants' claim that the plaintiffs have waived their right to secure their claims against the defendants by service of a mechanic's lien by their contract (Para. 9.27), the court notes that Sec.42-158l (a), General Statutes, expressly provides, in relevant part, "Any CT Page 10018 provision in a construction contract that purports to waive or release the right of a contractor . . . to (1) claim a mechanic's lien . . . shall be void and of no effect."
The movants further argue that the provisions of Chapter 742b of the Connecticut General Statutes regarding commercial construction contracts are not applicable in the instant matter for the reason that the property in question is one intended for residential occupancy or use and that such properties are expressly exempt from the provisions of the statute.
Section 42-158i (1), General Statutes defines "owner" as that term applies to commercial construction contracts under Chapter 742b. It does expressly provide that the definition of a commercial or industrial building shall not be construed to include any building intended for residential occupancy or use." The movants maintain that the building which is the subject of this action falls into that category because it is to be used for residences of its occupants.
The evidence and testimony (Plaintiff's Ex. 1), permits the court to find that the building is designed to contain approximately 106 individual living apartments and approximately 44 assisted living apartments, that it will consist of approximately 148,900 square feet and that it will have an approximate value of $22 million dollars. It will be situated on 9.2 acres.
The court finds that such a building, by its very nature, size and value is a commercial building and not one which qualifies for exemption from the commercial construction contracts provisions of the general statutes simply because people are going to live in it. If that interpretation were to be made, then every building which is designed as a place of residence would be exempt including multi-storey hotels, college dormitories, and prisons. That application of "residence" is not a logical or realistic one.
The building in the instant case is a commercial building and the provisions of Chapter 742b of the Connecticut General Statutes apply to the contract for its construction.
For the foregoing reasons, the application for discharge of mechanic's lien is hereby denied.
By the Court,
Joseph W. Doherty, Judge CT Page 10019